**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 25-31979-sgj7 |
| **TEMANI ME'CHELLE ADAMS,** | § | |
| | § | CHAPTER 7 |
| Debtor | § | |
| | § | |
| | § | |
| | § | |
| **TEMANI ME'CHELLE ADAMS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | ADVERSARY NO. _____ |
| | § | |
| **UNITED STATES DEPARTMENT OF EDUCATION, [ET AL],** | | |
| Defendant(s). | | |

**ORIGINAL COMPLAINT**

COMES NOW Plaintiff(s), and files this Complaint to Determine Discharge ability of Student Loan, and for good cause would show the Court the following:

**JURISDICTION AND VENUE**

The United States Bankruptcy Court for the Northern District of Texas (the "Court") has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and this Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

This Complaint is commenced pursuant to sections 523(a)(8) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 7001(1)(2) and (9) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

Pursuant to Federal Rule of Bankruptcy Procedure 7008 and Rule 7008-1 of the Bankruptcy Local Rules for the Northern District of Texas, Plaintiff consents to the entry of final orders or

judgments by this Court if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

### PARTIES

Plaintiff is the Debtor ("Plaintiff" or "Debtor") in the underlying bankruptcy case and resides at 3824 Cedar Springs Rd., #179, Dallas, Texas 75219.

Defendant United States Department of Education may be served with a copy of this Adversary Complaint and the Summons at [1] the U.S. Department of Education, 400 Maryland Avenue, SW, Washington, D.C. 20202 and by serving the United States Attorney, Northern District of Texas, 1100 Commerce Street, Third Floor, Dallas, Texas 75242-1699, and by serving the Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, D.C. 20530.

Defendant Aidvantage may be served with a copy of this Adversary Complaint and the Summons at 1600 Tyson Boulevard, Suite 1400, McLean, Virginia 22102 and at PO Box 300001, Greenville, Texas 75403-3001.

### FACTUAL BACKGROUND

Plaintiff/Debtor has the following student loans: 18 loans with the United States Department of Education, which are serviced by Aidvantage. The outstanding balance of the student loans Plaintiff/Debtor is seeking to discharge in this adversary proceeding is $324,741.00. Plaintiff/Debtor incurred the student loans while attending Prairie View A&M University, where Plaintiff/Debtor was pursuing a Bachelor's degree with a specialization in business administration Debtor/Plaintiff completed her course of study and received a bachelor's degree. Plaintiff/Debtor also incurred the student loans while attending Prairie View A&M University, where Plaintiff/Debtor was pursuing a Master's degree with a specialization in accounting Debtor/Plaintiff did not complete her course of study. Plaintiff/Debtor also incurred the student loans while attending South Texas College of Law where Plaintiff/Debtor was pursuing a juris doctorate degree. Debtor/Plaintiff completed her course of study and received a juris doctorate. Debtor/Plaintiff is currently employed as an attorney, at Temani Adams, PLLC.

Debtor/Plaintiff does not have the ability to make payments on the student loan(s) while maintaining a minimal standard of living for herself and her household, as her gross monthly business income is $10,000.00. After business expenses are deducted from the business income, Debtor/Plaintiff's net monthly income is $6,163.94. Debtor/Plaintiff's monthly household expenses are $6,107.75, leaving Debtor/Plaintiff with less than $100.00 per month in disposable income.

In addition, Plaintiff/Debtor's financial circumstances are unlikely to materially improve over a significant portion of the repayment period as Plaintiff/Debtor's income is insufficient to pay the loans that Plaintiff/Debtor is seeking to discharge. As stated previously, Debtor/Plaintiff's disposable net monthly income is less than $100.00 per month. The estimated monthly payment for the combined student loans would be about $4,000.00 per month.

Moreover, Plaintiff/Debtor cares for her two grandparents who are her dependents. In addition, Plaintiff/Debtor is caring for her deceased fiancé's child and is actively seeking to get custody of the child. With the extra financial burden of having to care for three additional people, Plaintiff/Debtor's financial circumstances are unlikely to materially improve over a significant portion of the repayment period.

Plaintiff/Debtor's income is unlikely to increase to an amount necessary to make substantial payments on the student loans. Plaintiff/Debtor's income has been on a decline for over a year. More specifically, Plaintiff/Debtor's business has not been as profitable and Plaintiff/Debtor went from a two income household to a one income household when her fiancé passed away in 2024.

Plaintiff/Debtor has made good faith efforts to repay the student loans at issue in this proceeding. Plaintiff/Debtor has made an estimated total of 15,000 in payments towards her student loans and has paid off three of her student loans. In addition, Plaintiff/Debtor has applied for a forbearance or deferment for 12 months, and has attempted to contact the company that services or collects her student loans regarding payment options, forbearance and deferment options or loan consolidation at least 40 times.

Plaintiff/Debtor submits the following circumstances as additional support for the efforts to discharge student loan(s) as an "undue hardship" under 11 U.S.C. § 523(a)(8).

### Dischargeability under 11 U.S.C. 523(a)(8).

11 U.S.C. 523(a)(8) provides as follows:

523(a) states a discharge under section 727, 1141, 1192, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for **(A)(i)** an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or **(ii)** an obligation to repay funds received as an educational benefit, scholarship, or stipend.

Plaintiff/Debtor has demonstrated that it would impose an undue hardship on the debtor and the debtor's dependents to except the student loans from discharge.

**WHEREFORE**, Plaintiff/Debtor respectfully requests that the Court determine that Plaintiff/Debtor's student loan debt to Defendants are dischargeable under 11 U.S.C. 523(a)(8), and that the Court grant Plaintiff/Debtor such other and further relief to which she may show herself entitled.

Respectfully submitted,

/s/Tiffany L. Pratt
Tiffany L. Pratt
State Bar No. 24070447
Pratt & Thomas, PLLC
2201 Main Street, Suite 800
Dallas, Texas 75201
Tel: (214) 741-2186
Fax: (888) 816-1931
Email: tpratt@prattandthomas.com
**Attorney for Plaintiff/Debtor**

/s/Temani M. Adams
**TEMANI ME'CHELLE ADAMS**
Plaintiff/Debtor